UNITED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STEPHEN REICH, JOHN T. COONEY, JR., ALAN SEIDMAN and
KENNETH T. LEWIS, in their fiduciary capacity as Trustees for the
LABORERS LOCAL 754 WELFARE FUND, PENSION FUND,
SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT
FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA,
NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND,
754 LABOR MANAGEMENT COMMITTEE, 754/CONTRACTORS
ORGANIZING & DEVELOPMENT FUND; and STEPHEN REICH as
the Business Manager of the LABORERS LOCAL UNION 754,

       Plaintiffs,

   - against -

COLONNELLI BROTHERS, INC. and NINO COLONNELLI,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

17-CV-7194

   PLAINTIFFS, STEPHEN REICH, JOHN T. COONEY, JR., ALAN SEIDMAN, and KENNETH T. LEWIS, in their fiduciary capacities as Trustees for the LABORERS LOCAL 754 WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA, NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND, 754 LABOR MANAGEMENT COMMITTEE, 754/CONTRACTORS ORGANIZING & DEVELOPMENT FUND (collectively, "FUNDS"); and STEPHEN REICH as the Business Manager of the LABORERS LOCAL UNION 754 ("LOCAL 754"), by their attorneys, HOLM & O'HARA LLP, as and for their Complaint against COLONNELLI BROTHERS, INC. ("COLONNELLI BROTHERS") and NINO COLONNELLI ("NINO"), allege the following:

## NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq., the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, et seq., and common law.

## JURISDICTION AND VENUE

2. Jurisdiction over the causes of action alleged herein is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337; by 29 U.S.C. §§ 185(c), 1002(21), 1109(a), 1132(a)(2), 1132(a)(3), 1132(d), 1132(e)(1), 1132(f) and 1145.

3. This Court has personal jurisdiction over COLONNELLI BROTHERS pursuant to 9 U.S.C. § 9 and by virtue of COLONNELLI BROTHERS' and NINO's substantial contacts with the State of New York, including COLONNELLI BROTHERS' and NINO's performance of construction work in the State of New York, pursuant to contracts and collective bargaining agreements entered into in the State of New York.

4. Venue properly lies in the Southern District of New York under 29 U.S.C. §§ 185(a) and 1132(e)(2) in that the FUNDS are administered in the County of Rockland, New York, and LOCAL 754 has its principal place of business in the County of Rockland, New York.

## PARTIES

5. Plaintiffs, the Laborers Local 754 Welfare Fund, Pension Fund, Savings Fund, Annuity Fund, Laborers' Training Fund and NY Health and Safety Fund of North America (collectively "Local 754 FUNDS") are jointly-trusteed, "multiemployer plans," established and maintained pursuant to various collective bargaining agreements and trust indentures, in accordance with 29 U.S.C. §§ 186(c)(5), (c)(6) and (c)(9). The Local 754 FUNDS are "employee benefit plans," within the meaning of ERISA, 29 U.S.C. §§ 1002(1), (2), (3) and

1132(d) (1), and are "multiemployer plans," within the meaning of 29 U.S.C. §§ 1002(37) and 1145. These ERISA Funds, the Local 754 FUNDS, are the administrator of all of the ERISA plans and non-ERISA plans (the "Plans"). Under the collective bargaining agreements, employers, including defendant company, COLONNELLI BROTHERS, are required to submit summaries of their payroll records and remit the required contributions, dues and assessments.

6. Each of the Local 754 FUNDS is authorized to maintain suit as an independent legal entity under 29 U.S.C. § 1132(d) (1). The Local 754 FUNDS are administered in Rockland County at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

7. In addition, the Local 754 FUNDS collect assessments from certain employees covered by the collective bargaining agreements who authorized their employers to deduct union dues and assessments due to the union ("Union Amounts") from their wages for the Dues Supplement Check off, the 754/Contractors Organizing & Development Fund, and the NYSLPA.

8. Local 754 FUNDS also collect, in accordance with the collective bargaining agreements, contributions due to the following non-ERISA plans: Industry Advancement Fund, 754 Labor Management Committee, and NYS LECET Fund. ("non-ERISA Plans"). Together, the Union Amounts and the amounts owed to non-ERISA plans are referred to as the "Non-ERISA contributions." The contributions to the ERISA plans and the non-ERISA contributions are collectively referred to as "Contributions." Plaintiff LOCAL 754 is an association formed under the laws of the State of New York, and is a "labor organization," within the meaning of 29 U.S.C. § 185, and an "employee organization" pursuant to 29 U.S.C. § 1002(4), representing employees in an "industry affecting commerce," as defined in 29 U.S.C. §§ 142(1) and 1002(12). LOCAL 754 maintains its office in Rockland County at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

9. Plaintiffs STEPHEN REICH, JOHN T. COONEY, JR., ALAN SEIDMAN, and KENNETH T. LEWIS are Trustees of the FUNDS, and are entitled to bring this action in their "fiduciary" capacities of the FUNDS, within the meaning of ERISA, 29 U.S.C. §§ 1002(21) and 1132, and common law.  Plaintiff STEPHEN REICH is the Business Manager of LOCAL 754 and in his administrative capacity is duly authorized to bring this action for union dues and assessments against COLONNELLI BROTHERS.

10. Upon information and belief, defendant COLONNELLI BROTHERS was, at all times relevant to this action, a foreign corporation organized under, and existing by virtue of, the laws of the State of New Jersey, with its offices and principal places of business located at 409 South River Street, Hackensack, New Jersey 07601.

11. Upon information and belief, COLONNELLI BROTHERS was, at all times relevant to this action, an "employer," within the meaning of 29 U.S.C. §§ 1002(5) and 1145, and an "employer engaged in the construction industry affecting commerce," within the meaning of 29 U.S.C. § 185 and was authorized to do business in New York.

12. Upon information and belief, defendant NINO, a natural person, has been, at all times relevant to this action, an officer of COLONNELLI BROTHERS, and a "fiduciary," with respect to the FUNDS, within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), and Article 3-A of the New York Lien Law.

13. Upon information and belief, NINO exercised direct control over the assets of COLONNELLI BROTHERS and exercised control or authority respecting management or disposition of plan assets that should have been held in trust by COLONNELLI BROTHERS and remitted to the FUNDS.

14. Upon information and belief, NINO exercised unauthorized dominion or control respecting management or disposition of union dues and assessments that should have been held in trust by COLONNELLI BROTHERS and remitted to LOCAL 754, in a manner that interfered with LOCAL 754's legal title or superior right of possession of said union dues and assessments.

## PRELIMINARY STATEMENT

15. NINO, a natural person, has been, at all times relevant to this action, an officer of COLONNELLI BROTHERS.

16. NINO, on behalf of COLONNELLI BROTHERS, executed the Heavy, Highway and Utility Agreement between the Contractors Association of Rockland County, Inc. ("ASSOCIATION") and LOCAL 754 ("AGREEMENT").

17. Article VI, Section 1, Paragraph E of the Agreement provides that the parties agree that all contractors, whether prime, general, sub, or any other category of contractors, shall become parties to this Agreement, and signatories thereof, upon request to the Union to furnish men to perform work covered under the terms and conditions continued hereinbefore.

18. At all times relevant to the allegations of this Complaint, COLONNELLI BROTHERS was bound to the AGREEMENT's provisions governing the rates of pay and the working conditions of individuals employed by defendant COLONNELLI BROTHERS within the jurisdiction of LOCAL 754.

19. The AGREEMENT, including, but not limited to Articles 1 and 2, define: (a) the employees covered by the AGREEMENT; and (b) the work covered by the AGREEMENT.

20. Articles 8, 9, 10, 11, 15 and 17 of the AGREEMENT, require COLONNELLI BROTHERS to remit contributions to each of the FUNDS for all employees employed by COLONNELLI BROTHERS and covered by the AGREEMENT, from the first day of

employment forward, in the amounts specified by the AGREEMENT, for each hour of work performed.

21. The contribution rates for each year are set forth in the rate sheets incorporated into the AGREEMENT.

22. Articles 12, 14, 16, 18 and 19 require COLONNELLI BROTHERS to remit dues and assessments for all LOCAL 754 members, as per the amounts specified in the AGREEMENT, along with a list of employees and the number of hours worked by each employee.

23. The AGREEMENT also requires COLONNELLI BROTHERS to submit monthly payroll remittance reports listing the names, social security numbers and date of birth for all employees and the number of hours paid to each employee.

24. The monthly payroll remittance reports provides that the signatory agrees to be bound by the terms and conditions of the collective bargaining agreement in effect at the time and to participate as a contributing employer in the Local 754 FUNDS.

25. Article 13 of the AGREEMENT requires that monthly remittances forms be filed by the Employer with the Local 754 FUNDS regardless of whether any contributions are due and owing to the Local 754 FUNDS in the reported period. Article 13 of the AGREEMENT also requires that all reports are due by the tenth (10th) of the month following the month in which the work is performed.

26. Pursuant to ERISA, 29 U.S.C. § 1059, COLONNELLI BROTHERS has a duty to maintain adequate records regarding the hours worked by their employees for whom fringe benefit contributions have and/or are required to be paid to the Local 754 FUNDS.

27. Further, Article 21 of the AGREEMENT gives the Local 754 FUNDS the right to

maintain appropriate actions, in law or equity, to collect the proper amount of contributions due, for an accounting or for any other appropriate relief.

28. An Employer that fails to make contributions to the Local 754 FUNDS, in the time frame permitted, is charged interest on the amount due at a rate of ten percent (10%) per annum in accordance with Article XIII of the AGREEMENT.

29. Where the payment of wages and fringe benefit contributions are not made timely and require the Local 754 FUNDS and/or LOCAL 754 to institute enforcement or collection actions, the AGREEMENT requires COLONNELLI BROTHERS to pay: (a) interest at the rate of ten percent (10%) per annum; (b) liquidated damages in the amount of ten percent (10%) of the total delinquency; (c) reasonable costs of the audit; (d) reasonable attorneys' fees, costs and expenses, pursuant to the civil enforcement provision of ERISA, 29 U.S.C. § 1132(g).

30. Upon information and belief, NINO issued checks on behalf of COLONNELLI BROTHERS.

## NOTIFICATION TO COLONNELLI BROTHERS

31. By way of letter dated January 19, 2017, the FUNDS notified COLONNELLI BROTHERS that the FUNDS were owed an unpaid delinquency for the period October through December 2016 and January 2017, based on employer remittance reports that were submitted to the FUNDS but were not paid.

32. On or about March 2017, COLONNELLI BROTHERS and the FUNDS entered into a payment agreement for the period October through December 2016 and January 2017 ("Payment Agreement"), based on employer remittance reports that were submitted to the FUNDS but were not paid and COLONNELLI BROTHERS agreed to pay the delinquent sum, in the amount of $342,588.51, to the FUNDS in monthly installments as set forth in Paragraph 2

of the Payment Agreement.

33. Paragraph 4 of the Payment Agreement states that COLONNELLI BROTHERS has a continuing obligation to timely submit all contributions, dues and assessments as they become due.

34. To date, COLONNELLI BROTHERS has failed to abide by the Payment Agreement by failing to timely remit payment for all contributions, dues and assessments as they become due.

35. At the direction of the Trustees, the FUNDS' auditor, Ennis Hargadon, LLC ("FUNDS' AUDITOR"), performed an audit examination of COLONNELLI BROTHERS for the period January 1, 2015 through December 31, 2015.

36. Based on a review of COLONNELLI BROTHERS' payroll records, the FUNDS' AUDITOR issued an audit report dated June 9, 2017 ("Audit"), which reported a delinquency due to PLAINTIFFS by COLONNELLI BROTHERS in the amount of $12,685.11 for the period January 1, 2015 through December 31, 2015.

37. On June 13, 2017, the Local 754 FUNDS sent a demand letter to COLONNELLI BROTHERS for the outstanding contributions, dues and assessments.

38. The Local 754 FUNDS have made several additional requests by telephone, email and letter to COLONNELLI BROTHERS for the outstanding contributions, dues and assessments.

39. On August 3, 2017, the Local 754 FUNDS, through their counsel, Holm & O'Hara LLP, sent a demand letter to COLONNELLI BROTHERS for the outstanding contributions, dues and assessments.

40. COLONNELLI BROTHERS failed to remit payment for the audit amount.

41. On August 17, 2017, the Local 754 FUNDS, through their counsel, Holm & O'Hara LLP, sent a demand letter to COLONNELLI BROTHERS for payment of the outstanding contributions, dues and assessments.

42. To date, COLONNELLI BROTHERS has failed to remit payment for the month of November 2016 in the amount of $46,665.63; for the months of May through August 2017 in the amount of $525,620.04; and for the Audit in the amount of $12,685.11, for a total amount of $584,970.78.

## **Violations of the AGREEMENT, ERISA and Common Law**

43. In violation of the AGREEMENT, ERISA, and the Payment Agreement, COLONNELLI BROTHERS has failed to remit contributions to the Local 754 FUNDS for the periods January 1, 2015 to December 31, 2015, November 2016, and May through August 2017 and continuing throughout the pendency of this action, based on the Audit Report and remittance reports.

44. Pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2), common law, the Payment Agreement, and the AGREEMENT, COLONNELLI BROTHERS is liable to the Local 754 FUNDS for: (a) all delinquent contributions for the periods January 1, 2015 to December 31, 2015, November 2016, and May through August 2017 and continuing throughout the pendency of this action; (b) interest at the rate of ten percent (10%) per annum on all delinquent contributions (as defined in the AGREEMENT); (c) liquidated damages of ten percent (10%) on all delinquent contributions (as defined in the AGREEMENT); (d) the cost of the audit; (e) reasonable attorneys' fees, costs and expenses of the action, in accordance with ERISA; (f) along with such other legal and equitable relief as the Court deems appropriate.

45. In violation of the AGREEMENT, COLONNELLI BROTHERS has failed to

remit dues and assessments to LOCAL 754 for the periods January 1, 2015 to December 31, 2015, November 2016, and May through August 2017 and continuing throughout the pendency of this action.

46. Pursuant to the AGREEMENT and New York C.P.L.R. 5001 and 5004, LOCAL 754 is entitled to recover all delinquent dues and assessments for the period January 1, 2015 to date, and continuing throughout the pendency of this action, along with prejudgment interest at nine percent (9%) per annum from the date due to the date paid.

## Fiduciary Claims Against NINO

47. New York Lien Law, Article 3-A, Section 70 imposes a trust upon all funds dedicated to an improvement of a parcel of real property.

48. New York Lien Law, Article 3-A also imposes a fiduciary duty on COLONNELLI BROTHERS and NINO to distribute the proceeds of the trust in accordance with the priority scheme set forth therein.

49. Upon information and belief, NINO exercised the authority to execute checks on behalf of COLONNELLI BROTHERS, including checks which should have been submitted to the FUNDS for contributions and LOCAL 754 for dues and assessments.

50. Upon information and belief, NINO exercised dominion and control over the disposition of assets belonging to the FUNDS.

51. Upon information and belief, NINO diverted contributions due the FUNDS to other entities and individuals in order to avoid his fiduciary obligations.

52. In violation of the AGREEMENT, ERISA and Article 3-A of the New York Lien Law, NINO has failed to remit all contributions due the FUNDS for the periods January 1, 2015 to December 31, 2015, November 2016, and May through August 2017, and continuing

throughout the pendency of this action.

53. Pursuant to 29 U.S.C. § 1109(a), the AGREEMENT and Article 3-A of the New York Lien Law, the FUNDS are entitled to recover from NINO, the following: (a) all delinquent contributions found due and owing from January 1, 2015 to date and continuing during the pendency of this action; (b) interest at ten percent (10%) per annum on all delinquent contributions (as defined in the AGREEMENT); (c) the cost of the audit; (d) liquidated damages of ten percent (10%) (as defined in the AGREEMENT); (e) attorneys' fees, costs and expenses, in accordance with ERISA.

54. Pursuant to the AGREEMENT and Article 3-A of the New York Lien Law, COLONNELLI BROTHERS were required to remit dues and assessments on a weekly basis to LOCAL 754 for each member of LOCAL 754 in the employ of COLONNELLI BROTHERS.

55. By acting as an officer of COLONNELLI BROTHERS and signing checks on behalf of COLONNELLI BROTHERS, NINO exercised dominion and control respecting management or disposition of dues and assessments that should have been held in trust by COLONNELLI BROTHERS and remitted to LOCAL 754.

56. Upon information and belief, NINO failed to remit all dues and assessments due and owing LOCAL 754 for COLONNELLI BROTHERS employees from January 1, 2015 to date and continuing during the pendency of this action.

57. Upon information and belief, NINO diverted dues and assessments due to LOCAL 754 to other entities and/or individuals in order to avoid his fiduciary obligations.

58. NINO interfered with plaintiff LOCAL 754's right to possess and control those dues and assessments under common law and Article 3-A of the New York Lien Law.

59. Pursuant to common law and Article 3-A of the New York Lien Law, LOCAL

754 is entitled to recover from NINO, all dues and assessments found due and owing by COLONNELLI BROTHERS for the period January 1, 2015 to date, and continuing during the pendency of this action, plus interest and attorneys' fees thereon.

**Injunctive Relief**

60. COLONNELLI BROTHERS' failure to abide by the AGREEMENT will result in the FUNDS being required to deny the employee-beneficiaries for whom required contributions have not been made, the benefits provided thereunder, thereby causing to such employee-beneficiaries substantial and irreparable damage.

61. Further, the FUNDS will be required to provide to employees of COLONNELLI BROTHERS benefits provided for under the AGREEMENT, notwithstanding COLONNELLI BROTHERS' failure to make required contributions, thereby reducing the corpus of such funds administered by the FUNDS and endangering the rights of employee-beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

62. The FUNDS are without an adequate remedy at law and the employee-beneficiaries of the FUNDS and the members of LOCAL 1 will suffer immediate, continuing, and irreparable injury, loss, and damage unless EMPLOYER is ordered to perform specifically all of their obligations to the FUNDS and to LOCAL 754 under the terms of the AGREEMENT and are restrained from continuing their refusal to perform.

### AS AND FOR PLAINTIFF LOCAL 754 FUNDS' FIRST CLAIM
### FOR RELIEF AGAINST COLONNELLI BROTHERS

63. Plaintiff FUNDS repeat and reallege paragraphs "1" through "62" hereof with the same force and effect as if such were fully set forth herein.

64. COLONNELLI BROTHERS's failure to submit contributions due and owing the Local 754 FUNDS, as set forth in paragraphs "31" through "42" herein, constitutes a violation of

ERISA, 29 U.S.C. §§ 1132 and 1145.

65. Accordingly, pursuant to 29 U.S.C. § 1132(g)(2), the Local 754 FUNDS are entitled to recover the following: (a) all unpaid contributions found due and owing for the period January 1, 2015 to date and continuing throughout the pendency of this action; (b) interest at ten percent (10%) per annum on all unpaid contributions (as defined in the AGREEMENT); (c) liquidated damages in the amount of ten percent (10%) on all unpaid contributions (as defined in the AGREEMENT); (d) the cost of the audit; (e) reasonable attorneys' fees, costs and expenses of the action; and (f) such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR PLAINTIFF LOCAL 754 FUNDS' SECOND CLAIM FOR RELIEF AGAINST COLONNELLI BROTHERS

66. Plaintiff Local 754 FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. COLONNELLI BROTHERS's failure to submit contributions due and owing to the FUNDS, as set forth in paragraphs "31" through "42" herein, and continuing during the pendency of this action, constitutes a violation of the AGREEMENT and the Payment Agreement.

68. Accordingly, the AGREEMENT entitles the FUNDS to receive the following: (a) all unpaid contributions for period January 1, 2015 to date and continuing throughout the pendency of this action; (b) interest on all unpaid contributions at ten percent (10%) per annum (as defined in the AGREEMENT); (c) liquidated damages in the amount of ten percent (10%) on all unpaid contributions (as defined in the AGREEMENT); (d) the cost of the audit; (e) attorneys' fees, costs and expenses of the action; and (f) such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR PLAINTIFF LOCAL 754 FUNDS' CLAIM
### FOR RELIEF AGAINST DEFENDANT NINO

69. Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70. COLONNELLI BROTHERS are required to make contributions to the FUNDS.

71. To the extent that NINO is an officer of COLONNELLI BROTHERS and NINO signed checks on behalf of COLONNELLI BROTHERS, NINO constitutes a fiduciary under ERISA, 29 U.S.C. § 1002(21) (A), with respect to the FUNDS, as he extent he exercised authority or control respecting the management or disposition of FUNDS' assets on behalf of COLONNELLI BROTHERS.

72. Similarly, NINO is a fiduciary under New York Lien Law, Article 3-A, § 70, to the extent that he controls the proceeds received by COLONNELLI BROTHERS for work performed in connection with an improvement of real property.

73. NINO's failures to submit contributions due and owing from COLONNELLI BROTHERS to the FUNDS, as set forth in paragraphs "47" through "59" herein, constitutes a violation of fiduciary duties under ERISA, 29 U.S.C. § 1104, and New York Lien Law, Article 3-A.

74. Pursuant to ERISA, 29 U.S.C. § 1109(a), NINO is personally liable to make good any losses to the FUNDS resulting from each such breach and to restore any profits which would have been made through use of assets of the FUNDS.

75. Accordingly, pursuant to 29 U.S.C. §§ 1109 and 1132(g)(1), the FUNDS are entitled to recover from NINO, personally: (a) all of COLONNELLI BROTHERS' unpaid contributions for the period January 1, 2015 to date, and continuing through the pendency of this action; (b) interest on said unpaid contributions at the rate of ten percent (10%) per annum (as

defined in the AGREEMENT); (c) liquidated damages at the rate of ten percent (10%) (as defined in the AGREEMENT); (d) the cost of the audit; (e) attorneys' fees, costs and expenses of the action; and (f) such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR PLAINTIFF LOCAL 754's CLAIM FOR RELIEF AGAINST DEFENDANT NINO

76. Plaintiff LOCAL 754 repeats and realleges each and every allegation contained in paragraphs "1" through "75" hereof with the same force and effect as if fully set forth herein.

77. In violation of the AGREEMENT, NINO failed to remit dues and assessments to LOCAL 754 for members employed by COLONNELLI BROTHERS for January 1, 2015 to date and continuing throughout the pendency of this action, as set forth in paragraphs "47" through "59" herein.

78. Pursuant to the AGREEMENT, COLONNELLI BROTHERS were required to remit dues and assessments on a weekly basis to LOCAL 754 for each member of LOCAL 754 in the employ of COLONNELLI BROTHERS.

79. NINO exercised dominion and control respecting the management or disposition of dues and assessments.

80. NINO was obligated to hold dues and assessments in trust and remit them to LOCAL 754.

81. NINO interfered with plaintiff LOCAL 754's right to possess and control those dues and assessments.

82. Pursuant to common law, NINO is personally liable to make good any losses to LOCAL 754 from any breach of their duty to remit dues and assessments due and owing to LOCAL 754.

83. Accordingly, pursuant to common law, LOCAL 754 is entitled to recover from

NINO, personally, all unpaid dues and assessments found due and owing for the period of January 1, 2015 to date and continuing throughout the pendency of this action, plus prejudgment interest at the rate of nine percent (9%) per annum, from the date the cause of action accrued.

### AS AND FOR PLAINTIFF LOCAL 754's CLAIM
### FOR RELIEF AGAINST COLONNELLI BROTHERS

84. Plaintiff LOCAL 754 repeats and realleges each and every allegation contained in paragraphs "1" through "83" hereof with the same force and effect as if such were fully set forth herein.

85. COLONNELLI BROTHERS's failure to remit dues and assessments to LOCAL 754, as set forth in paragraphs "31" through "42" herein, constitutes a violation of the AGREEMENT.

86. Accordingly, COLONNELLI BROTHERS is liable to LOCAL 754 for the following: (a) unremitted dues and assessments from January 1, 2015 to December 31, 2015, November 2016, and May through August 2017, and continuing throughout the pendency of this action; and (b) accrued prejudgment interest on said dues and assessments at the rate of nine percent (9%) per annum.

### AS AND FOR PLAINTIFFS LOCAL 754 FUNDS AND LOCAL 754's
### JOINT CLAIM FOR RELIEF AGAINST COLONNELLI BROTHERS

87. Plaintiffs Local 754 FUNDS and LOCAL 754 repeat and reallege each and every allegation contained in paragraphs "1" through "86" hereof with the same force and effect as if such were fully set forth herein.

88. As described in paragraphs "31" through "42" herein, COLONNELLI BROTHERS has breached its obligations under ERISA and common law by failing to do the following: (a) timely pay fringe benefit contributions to the Local 754 FUNDS; and (b) timely

submit dues and assessments to LOCAL 754. COLONNELLI BROTHERS's conduct demonstrates a significant likelihood that it will continue to breach its obligations under ERISA and common law.

89.   Plaintiffs Local 754 FUNDS and LOCAL 754 have no adequate remedy at law to ensure that COLONNELLI BROTHERS will adhere to its obligations under ERISA and common law.

90.   Participants of the Local 754 FUNDS and members of LOCAL 754 will suffer immediate and irreparable injury unless COLONNELLI BROTHERS, its officers, agents, servants, employees and all persons, in active concert or participation with it, are enjoined from failing to pay the required contributions and dues and assessments pursuant to the AGREEMENT.

91.   Accordingly, plaintiffs Local 754 FUNDS and LOCAL 754 request that this Court enjoin permanently, COLONNELLI BROTHERS, its officers, agents, servants, employees and all persons, in active concert or participation with it, from failing to do the following, as required by the AGREEMENT: (a) timely pay contributions to the FUNDS; and (b) timely submit monthly remittance reports to the Local 754 FUNDS. PLAINTIFFS are entitled to such relief pursuant to ERISA and common law.

**WHEREFORE**, plaintiffs Local 754 FUNDS and LOCAL 754 hereby request judgment as follows:

a)   against COLONNELLI BROTHERS for all outstanding past due contributions to the Local 754 FUNDS for the periods January 1, 2015 to date and continuing throughout the pendency of this action, pursuant to ERISA, the AGREEMENT, and the Payment Agreement;

b)   against COLONNELLI BROTHERS, for payment of all outstanding dues and assessments found due and owing for the periods January 1, 2015 to date, and continuing throughout the pendency of this action, in accordance with the

       AGREEMENT, the Payment Agreement, and common law;

c)     against COLONNELLI BROTHERS, for accrued prejudgment interest of ten percent (10%) per annum on all on unpaid contributions found to be due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

d)     against COLONNELLI BROTHERS, for accrued prejudgment interest of nine percent (9%) per annum on all unpaid dues and assessments found to be due and owing under the AGREEMENT, in accordance with the AGREEMENT and common law;

e)     against COLONNELLI BROTHERS, for statutory liquidated damages of ten percent (10%) on all unpaid contributions found due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

f)     against COLONNELLI BROTHERS, for the cost of the audit, in accordance with ERISA and the AGREEMENT;

g)     against COLONNELLI BROTHERS, for attorneys' fees, costs and expenses associated with this action, in accordance with ERISA and the AGREEMENT;

h)     against COLONNELLI BROTHERS permanently enjoining COLONNELLI BROTHERS, its officers, agents, servants, employees and all persons in active concert or participation with them, from failing to do the following: a) timely pay contributions to the FUNDS; and b) timely pay dues and assessments to LOCAL 754;

i)     against COLONNELLI BROTHERS, in the form of an Order under 29 U.S.C. § 1132 and common law, permitting the Local 754 FUNDS the right to enter judgment on the total amount of COLONNELLI BROTHERS's contributions due and owing, and to assess prejudgment interest at the rate of ten percent (10%) per annum (as defined in the AGREEMENT) on said contributions from the date due to the date paid, liquidated damages of ten percent (10%) on said contributions (as defined in the AGREEMENT), audit costs, attorneys' fees, costs and expenses, in accordance with ERISA;

j)     against NINO, for all outstanding past due contributions to the FUNDS for the period January 1, 2015 to date, and continuing throughout the pendency of this action, in accordance with ERISA and the AGREEMENT;

k)     against NINO, for payment of all unpaid dues and assessments due and owing LOCAL 754 for the period January 1, 2015 to date, and continuing throughout the pendency of this action, in accordance with the AGREEMENT and common law;

l) against NINO, for accrued prejudgment interest of ten percent (10%) per annum on all outstanding past due contributions to the FUNDS found to be due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

m) against NINO, for accrued prejudgment interest on all outstanding dues and assessments to LOCAL 754, in accordance with the AGREEMENT and common law;

n) against NINO, for the cost of the audit, attorneys' fees, costs and expenses from this action, in accordance with ERISA; and

o) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 21, 2017

Respectfully submitted,

HOLM & O'HARA LLP
*Attorneys for Plaintiffs*

By: /s/ Carol G. Dell
Carol G. Dell (CG 7895)
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280
c.dell@hohlaw.com

*Index No.*     **CV- 7194**    *Year*  **2017**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**STEPHEN REICH, JOHN T. COONEY, JR., ALAN SEIDMAN and KENNETH T. LEWIS, in their fiduciary capacity as Trustees for the LABORERS LOCAL 754 WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA, NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND, 754 LABOR MANAGEMENT COMMITTEE, 754/CONTRACTORS ORGANIZING & DEVELOPMENT FUND; and STEPHEN REICH as the Business Manager of the LABORERS LOCAL UNION 754,**

                                                **Plaintiffs,**

                           **- against –**

**COLONNELLI BROTHERS, INC. and NINO COLONNELLI,**

                                                **Defendants.**

---

# COMPLAINT

## HOLM & O'HARA LLP

*Attorneys for:*              **Plaintiff(s)**

**3 West 35th Street, 9th Floor
New York, NY 10001**